UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 18-cv-81584-DIMITROULEAS/MATTHEWMAN

JENNIFER NEWMAN,

    Plaintiff,

vs.

PHYSICIANS DIAGNOSTIC AND
REHABILITATION SERVICES, INC.,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTON TO ENFORCE THIS COURT'S ORDER OF AUGUST 24, 2020 AND FOR SANCTIONS [DE 53]

**THIS CAUSE** is before the Court upon Plaintiff, Jennifer Newman's ("Plaintiff") Motion to Enforce This Court's Order of August 24, 2020 and for Sanctions ("Motion") [DE 53]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DE 54]. Defendant, Physicians Diagnostic and Rehabilitation Services, Inc. ("Defendant") was required to respond to the Motion on or before October 26, 2020, but failed to do so.

### THE NOVEMBER 12, 2020 HEARING

The Court held a Show Cause Hearing via Zoom video teleconference on November 12, 2020. Plaintiff's counsel, Roderick Flynn Coleman, Esq.; Defendant's counsel, Jason Bravo, Esq.; and Dr. Howard Newman, the president and owner of Defendant, all appeared at the hearing, as required. Plaintiff's counsel stated that Defendant's counsel had failed to contact him about Defendant's failure to make the court-ordered payment of $4,000 on October 1, 2020. Plaintiff's

1

counsel argued that Defendant should have come before the court in advance of the October 1, 2020 deadline if it was unable to make the first payment. Instead, Defendant filed no objections to the Report and Recommendation entered in this case on August 6, 2020 [DE 51], failed to file a motion to modify the Court's subsequent Order dated August 24, 2020 [DE 52], and then simply failed to make the required payment on October 1, 2020. Moreover, Defendant has also failed to pay the $4,000 payment due November 1, 2020.

Defendant's counsel represented that Defendant is unable to make the court-ordered payments at this time and that his failure to make the October 1st payment was not willful. Defendant's counsel explained that Defendant has suffered tremendous losses due to a theft perpetrated by a former medical director and due to the COVID-19 pandemic. Counsel stated that Defendant's bank statements from 2019 to the present time demonstrate a decrease in income. Finally, Defendant's counsel acknowledged that entry of a judgment in the amount of $48,000 is appropriate at this juncture.

After the Court explained that it would need to conduct a full evidentiary hearing to determine Defendant's inability pay before Defendant could be held in civil contempt, Plaintiff's counsel represented that Plaintiff would be satisfied with the entry of a judgment against Defendant and the entry of an award of attorney's fees and costs against Defendant. While Plaintiff is willing to abandon her request for civil contempt at the current time, she wants to leave open the possibility of revisiting her request for civil contempt at a later date.

## ENTRY OF A JUDGMENT

After hearing from the parties' counsel, and considering the entire record, the Court finds that Defendant has failed to comply with the Court's Order dated August 24, 2020 [DE 52] which required the Defendant to pay Plaintiff the sum of $48,000 beginning on October 1, 2020. The

Defendant owes this money to Plaintiff and has not paid Plaintiff as ordered by the Court. Moreover, the parties agreed that entry of a judgment for the full amount of $48,000 is appropriate at this time.

## ATTORNEY'S FEES AWARD

Regarding Plaintiff's claim for attorney's fees, based on the foregoing, and as stated in open court at the November 12, 2020 hearing, the undersigned found that, pursuant to the inherent authority of the Court and in light of Defendant's failure to comply with a Court Order, Plaintiff was entitled to an award of attorney's fees and costs to be paid by Defendant. The undersigned required that Plaintiff file an appropriate affidavit with the Court documenting all attorney's fees and costs incurred as a result of drafting its Motion [DE 53] and attending the November 12, 2020 hearing via Zoom VTC. The undersigned also required Defendant to file a response or objections to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by Plaintiff's counsel on or before November 23, 2020.

On November 12, 2020, Plaintiff filed a Motion for Order Determining Amount of Reasonable Attorney's Fees [DE 57]. Plaintiff is seeking $1,425 in attorney's fees and no costs. *Id.* According to the Affidavit of Roderick F. Coleman [DE 57-1], he charges $475 per hour, but because Plaintiff could not afford that rate, Mr. Coleman and Plaintiff came to an agreement regarding a partial contingency fee agreement. Pursuant to the agreement, Mr. Roderick was to be paid $300 per hour plus a 10% contingency fee on any recovery. *Id.* Mr. Roderick also states that he spent three hours on the relevant tasks. *Id.*

Defendant has failed to file a timely response or objection to the fees claimed by Plaintiff. The Court has carefully reviewed the Affidavit of Roderick F. Coleman [DE 57-1] and finds that the number of hours expended is reasonable and that counsel is charging a reasonable hourly rate.

The Court again notes that there are no objections to the hours expended or the hourly rate.

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that United States District Judge William P. Dimitrouleas **GRANT** in part and **DENY** in part Plaintiff's Motion to Enforce This Court's Order of August 24, 2020 and for Sanctions [DE 53]; Plaintiff's Motion should be **GRANTED** to the extent that it seeks an award of attorney's fees and costs and to the extent it seeks a Final Judgment against Defendant and should be **DENIED WITHOUT PREJUDICE** to the extent the Motion seeks a finding of civil contempt against Defendant. The undersigned further **RECOMMENDS** that the District Judge enter a Final Judgment in the full amount of $48,000 (the full amount owed pursuant to the parties' settlement), for which let execution issue, and which would accrue interest at the statutory rate, against Defendant Physicians Diagnostic and Rehabilitation Services, Inc., and in favor of Plaintiff. Finally, the undersigned **RECOMMENDS** that the District Judge order that Defendant pay Plaintiff her attorney's fees in the total amount of $1,425.00 by a date certain.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of November, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States District Judge